## STATE OF CONNECTICUT *v.* JEREMY LOMBRA
## (AC 28888)

Gruendel, Robinson and Borden, Js.

Argued May 29—officially released July 8, 2008

*Kevin M. Smith*, with whom, on the brief, was, *Norman A. Pattis*, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James Dinnan*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jeremy Lombra, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32. On appeal, the defendant claims that the court violated his constitutional right to due process by failing to inform him of his right to a hearing.[1] The state concedes error. We reverse the judgment of the trial court.

On January 18, 2002, the defendant was convicted of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (b). The court sentenced him to a term of seven years imprisonment, execution

---

[1] The defendant also contends that the court failed to canvass him regarding the waiver of counsel. We need not consider that claim in light of our conclusion that a due process violation transpired.

suspended after twenty-three months, followed by four years probation pursuant to certain conditions. Following his failure to report to his probation officer and his failure of multiple urine tests, which tested positive for marijuana, a violation of probation warrant issued.

On October 6, 2006, the defendant appeared before the court. That proceeding commenced as follows:

"[The Prosecutor]: Criminal line forty-nine, Jeremy Lombra. Case has been continued for the defendant to hire counsel. He does not have counsel today.

"The Court: Put him to plea.

"[Clerk of the Court]: . . . [U]nder docket number CR 01206601, you've been charged with violation of probation under General Statutes § 53a-32. Do you admit or deny?

"[The Defendant]: Do I have to plead today? I haven't even gotten a chance to talk to any attorney or anything.

"The Court: Sir, you were arrested on this, I believe, on August 11, 2006. It is now October 6. Do you admit or deny you violated your probation?

"[The Defendant]: I admit."

The court thereafter rendered judgment revoking his probation pursuant to § 53a-32, and this appeal followed.

"The United States Supreme Court has held that although due process does not require that a person facing probation revocation be provided the full panoply of rights afforded a defendant at a criminal trial, it does require that a hearing be held before probation is revoked. *Gagnon* v. *Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)."[2] *State* v. *Johnston*, 17 Conn. App. 226, 232, 551 A.2d 1264 (1988), cert. denied,

---

[2] We note further the express mandate of General Statutes § 53a-32 (a), which provides in relevant part: "[T]he court shall cause the defendant to be brought before it . . . for a hearing on the violation [of probation] charges. At such hearing the defendant shall be informed of the manner in

210 Conn. 810, 556 A.2d 609 (1989). In *Johnston*, this court explained that "a defendant who desires to admit a probation violation must first be informed, on the record, of his right to have a hearing . . . . [H]e is entitled to a hearing to determine his culpability for the alleged violation." (Internal quotation marks omitted.) Id., 234. The record plainly reflects that the court did not comply with that constitutional requirement. For that reason, the state concedes that "the defendant is entitled to another revocation hearing at which he is adequately informed of his right to contest the charges if he wishes to do so." We agree and, accordingly, reverse the judgment of the trial court.

The judgment is reversed and the case is remanded for a new probation revocation hearing.

which such defendant is alleged to have violated the conditions of such defendant's probation or conditional discharge, shall be advised by the court that such defendant has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in such defendant's own behalf."